UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| Raynard O. Hall ) | Civ. No. 23-cv-2340 |
|    *Plaintiff* ) | |
| v. ) | Sect. _____ |
| Premier Automotive Products, LLC ) | |
| D/B/A Premier Chrysler Jeep ) | |
| Dodge Ram, ) | |
|    *Defendant* ) | |

## **COMPLAINT**

### 1.  PRELIMINARY STATEMENT

1. Plaintiff institutes this action for actual damages, statutory damages, attorney fees, and the costs of this action against Defendant, Premier Automotive Products, LLC D/B/A Premier Chrysler Jeep Dodge Ram, for multiple violations of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, (hereinafter TILA), and Regulation Z, 12 C.F.R. § 1026 [formerly § 226], promulgated pursuant thereto, and for violations of the Louisiana Consumer Credit Law §§ R.S. 9:3510, *et seq.*

### II. JURISDICTION AND VENUE

2. The jurisdiction of this Court for the First Cause of Action is invoked pursuant to the Truth in Lending Act 15 U.S.C. § 1640(e) and 28 U.S.C. §§ 1331 and 1337.

3. This Court has supplemental jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because a substantial portion of the events and omissions giving rise to this Complaint occurred within the district.

## III. PARTIES

5. The Plaintiff, Raynard O. Hall, is a natural person currently residing at 7900 Patricia Street, Apartment 1106, Chalmette, Louisiana 70043.

6. Defendant, Premier Automotive Products, LLC D/B/A Premier Chrysler Jeep Dodge Ram ("Premier Chrysler") is a limited liability company, chartered by the State of Louisiana and actually transacting business within this state and particularly within this judicial district.

7. At all times relevant hereto, Premier Chrysler regularly extended or offered to extend consumer credit for which a finance charge is or may be imposed or which, by written agreement, is payable in more than four installments, and is the person to whom the transaction which is the subject of this action is initially payable, making Defendant a creditor within the meaning of TILA, 15 U.S.C. § 1602(g) [§ 1602(f) Prior to Dodd-Frank amendments] and Regulation Z § 1026.2(a)(17) [formerly § 226.2(a)(17)].

## IV. FACTUAL ALLEGATIONS

8. Over the course of August 2022, the Plaintiff was in desperate need of an automobile. He contacted Defendant and, after the usual haggling with Defendant's previously owned vehicle specialist, Shaun Wilson, agreed to purchase a used 2020 Nissan Altima, VIN 1N4BL4BV4LC 241066 For a price and consideration of $28,808.78 (including tax and license).

9. On or about September 2, 2022, Plaintiff executed a promissory note and security agreement for that purpose, which transaction is a consumer credit transaction with the meaning of TILA, 15 U.S.C. § 1602 and Regulation Z § 1026.2 [formerly § 226.2]: a true and accurate copy of the combined note and security agreement is attached hereto as Exhibit A and is hereby incorporated by reference.

10. The security agreement lists as collateral the automobile purchased with the proceeds of this loan.

11. Premier Chrysler provided Plaintiff a copy of the loan and disclosure documents on or about September 2, 2022, when Plaintiff took delivery of the vehicle.

12. The Truth in Lending disclosure statement prepared by the defendant disclosed an amount financed of $28,808.78, a finance charge of $26,337.46, an annual percentage rate of 24.00%, and a security interest in the vehicle purchased and 72 monthly payments of $765.92.

13. Plaintiff has endeavored to amortize the loan at issue and avers, believes, and therefore alleges that the correct monthly note payment ought to be $758.44, not $765.92, the difference of $538.36 over the term of the loan, see attached Exhibit B.

## V. FIRST CAUSE OF ACTION

### TRUTH IN LENDING ACT, 15 U.S.C. § 1601 *et seq.*

14. Plaintiff incorporates the allegations in paragraphs 1- 13 above with the same force and effect as if herein set forth.

15. The disclosure statement issued in conjunction with this consumer credit transaction violated the requirements of Truth in Lending and Regulation Z in the following and other respects:

   a. By failing to provide the required disclosures prior to consummation of the transaction and violation of 15 U.S.C. § 1632(a) and Regulation Z 1026.17(a) [formerly § 226.17(a)].

   b. By failing to make required disclosures, including the annual percentage rate and finance charge, clearly and conspicuously in writing in violation of 15 U.S.C. § 1632(a) and Regulation Z 1026.17(a) [formerly § 226.17(a)].

  c. By failing to properly identify property subject to a security interest in violation of 15 U.S.C. § 1638(a)(9) and Regulation Z 1026.18(m) [formerly § 226.18(m)].

  d. By failing to properly calculate the interest and finance charges to be paid by Plaintiff in violation of 15 U.S.C. § 1638 *et seq.* and Regulation Z.

  e. By calculating the Annual Percentage Rate (APR) based upon improperly calculated and disclosed finance charges and amount financed, 15 U.S.C. § 1606, Regulation Z § 1026.22 [formerly § 226.22], The Defendant understated the disclosed annual percentage rate in violation of 15 U.S.C. § 1638(a)(4) and Regulation Z 1026.18(e) [formerly § 226.18(e)].

16. By reason of the aforesaid violations of the Act and Regulation Z, Defendant is liable to Plaintiff in the amount of twice the finance charge or $2000, whichever is less, actual damages to be established at trial, and attorney fees and costs in accordance with 15 U.S.C. § 1640.

## VI. SECOND CAUSE OF ACTION

17. Plaintiff incorporates the allegations in Paragraphs 1-15 above with the same force and effect as if herein set forth.

18. By overcharging interest, Defendant has violated La. R.S. 9:3510 et seq.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court:

1. Assumes jurisdiction of this case;
2. Award actual damages to be established at trial pursuant to 15 U.S.C. § 1640(a)(1);
3. Award statutory damages in the amount of twice the finance charge in accordance with 15 U.S.C. § 1640(a)(2), not to exceed $2,000;

4. Award plaintiff costs and reasonable attorney fees in accordance with 15 U.S.C. § 1640;

5. Award such other relief as the court deems appropriate.


Dated July 6, 2023

  /s/ Robert L. Marrero
**Robert L. Marrero (#8947)**
**Robert L. Marrero, LLC**
401 Whitney Ave, Suite 126
Gretna, Louisiana 70056
Telephone: (504)366-8025
Facsimile: (504)366-8026
Email: office@bobmarrero.com

Counsel for Raynard O. Hall, *Plaintiff*